## UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

| | |
|---|---|
| FELICIA N. JONES, | DOCKET NUMBER |
| Appellant, | DE-3443-16-0099-I-1 |
| v. | |
| DEPARTMENT OF VETERANS AFFAIRS, | DATE: June 20, 2016 |
| Agency. | |

## THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Felicia N. Jones, Houston, Texas, pro se.

Letha Miller, Denver, Colorado, for the agency.

### BEFORE

Susan Tsui Grundmann, Chairman
Mark A. Robbins, Member

### FINAL ORDER

¶1      The appellant has filed a petition for review of the initial decision, which dismissed her appeal for lack of jurisdiction.  Generally, we grant petitions such as this one only when:  the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law.  Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions.  In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law.  *See* 5 C.F.R. § 1201.117(c).

regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. *See* title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

¶2 On September 30, 2015, the agency denied the appellant's claim for disability compensation and related compensation benefits because the nonactive duty service listed in her application—her participation in an Army Junior Reserve Officer Training Corps (JROTC) program in high school—did not give her "the legally required Veteran status for eligibility for [Department of Veterans Affairs (VA)] benefits." Initial Appeal File (IAF), Tab 2 at 11. In the denial decision, the agency informed the appellant of the process for filing a Notice of Disagreement with the agency's decision and for obtaining further review by the Board of Veterans' Appeals. *Id*. at 13.

¶3 The appellant, however, filed an appeal with the Merit Systems Protection Board (the Board) indicating that she had an JROTC appointment and that the agency denied her benefits, on or about September 30, 2015, based on her injury "in active service." *Id*. at 2-3. The appellant indicated on her appeal form that she was an annuitant under an unidentified retirement system, not an agency employee. *Id*. at 5. The appellant also indicated that she filed a grievance with the Department of the Army on October 28, 2015, that she filed a complaint with the Office of Special Counsel (OSC), and that OSC had ended its investigation on October 22, 2015. *Id*. at 4.

¶4     The administrative judge informed the appellant that the Board might not have jurisdiction over her appeal challenging her VA disability rating.  IAF, Tab 3 at 3.  The administrative judge also informed the appellant of the criteria for establishing jurisdiction over her appeal under the Whistleblower Protection Act (WPA), the Veterans Employment Opportunities Act, and the Uniformed Services Employment and Reemployment Rights Act.  *Id*. at 3-4.  The administrative judge ordered the appellant to file evidence and argument to prove that the action she raised on appeal was within the Board's jurisdiction.  *Id*. at 4.

¶5     The agency responded by filing a motion to dismiss the appeal for lack of jurisdiction.  IAF, Tab 5.  In the motion, the agency provided an exhaustive list of appealable actions over which the Board has jurisdiction.  *Id*. at 5-6.  The agency also stated that, although the appellant would be entitled to a hearing on the jurisdictional issue if she made a nonfrivolous allegation of jurisdiction, the appellant's vague claim on appeal did not fall within the Board's purview.  *Id*. at 7.

¶6     The appellant opposed the agency's motion, arguing that the Board has jurisdiction over her appeal because she engaged in whistleblowing activity that contributed "to the personnel action(s)."  IAF, Tab 6 at 3.  The appellant, however, offered no details about her alleged whistleblowing activity or the alleged personnel actions.  Based on the written record, the administrative judge dismissed the appeal for lack of jurisdiction.  IAF, Tab 7, Initial Decision (ID).

¶7     In the initial decision, the administrative judge found that the appellant did not allege that she was an employee in, or applicant for employment with, the agency.  ID at 4; *see* 5 U.S.C. § 2302(a)(2).  The administrative judge further found that the action challenged by the appellant on appeal, the denial of veterans' benefits for what she considered prior military service, was not a "personnel action" as defined in 5 U.S.C. § 2302(a)(2) for purposes of the WPA. ID at 4**.**  The appellant filed a petition for review, and the agency responded in opposition to her petition.  Petition for Review (PFR) File, Tabs 1, 3.

¶8        The Board's jurisdiction is limited to those matters over which it has been given jurisdiction by law, rule, or regulation.  *Maddox v. Merit Systems Protection Board*, 759 F.2d 9, 10 (Fed. Cir. 1985).  The appellant bears the burden of demonstrating by preponderant evidence that the Board has jurisdiction over her appeal.  *See* 5 C.F.R. § 1201.56(a)(2)(i).  The administrative judge found, and we agree, that the appellant failed to allege a basis for the Board to exercise jurisdiction over her appeal.

¶9        The appellant raises several arguments for the first time on review, none of which show that the administrative judge erred in dismissing her appeal for lack of jurisdiction.  For example, although the appellant argues that "an employee 'may submit an appeal to the [Board] . . . from any action that was appealable to the Board under any law, rule, or regulation,'" and that her constitutional rights were violated, she fails to allege any facts indicating that she was subjected to an action appealable to the Board.  PFR File, Tab 1 at 7, 9.  The appellant also states that she has new and material evidence concerning her status as a "non-probational/employee," but she does not provide this evidence or describe it in her submission.  *Id*. at 6.  Because the appellant's arguments on review fail to raise a nonfrivolous allegation of jurisdiction over this appeal, we deny her petition for review.[2]

---

[2] We have considered the remaining arguments raised by the appellant on review, and we discern no basis to disturb the initial decision.  For example, the appellant devotes a section of her petition for review to the Board's original jurisdiction over "[d]isciplinary actions brought by Special Counsel alleging violation of the Hatch Act," but she does not explain why the Board's original jurisdiction applies in her case.  PFR File, Tab 1 at 6.  On review, the appellant also makes a conclusory statement that the Board has jurisdiction over her appeal under the Aviation and Transportation Act and the Homeland Security Act of 2002, but neither Act has any apparent relevance in this appeal.  *Id*. at 6, 9.

**NOTICE TO THE APPELLANT REGARDING
YOUR FURTHER REVIEW RIGHTS**

You have the right to request review of this final decision by the U.S. Court of Appeals for the Federal Circuit. You must submit your request to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, DC 20439

The court must receive your request for review no later than 60 calendar days after the date of this order. *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012). If you choose to file, be very careful to file on time. The court has held that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed. *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you need further information about your right to appeal this decision to court, you should refer to the Federal law that gives you this right. It is found in title 5 of the U.S. Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012). You may read this law as well as other sections of the U.S. Code, at our website, http://www.mspb.gov/appeals/uscode.htm. Additional information is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The

Merit Systems Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

FOR THE BOARD:                    _____
                                  William D. Spencer
                                  Clerk of the Board

Washington, D.C.